This is case number 4-17-0551. Charles Bonnell v. City of Grafton. For the appellant, Mr. Berticchio. Berticchio. Thank you, sir. And for appellee, Mr. Shrimp. Thank you. Mr. Berticchio. Please the court, counsel. My name is Rick Berticchio. I represent the plaintiff appellant, Charles Bonnell. Your honors, the nature of this case is an appeal from Jersey County, where the trial court granted the defendant, City of Grafton's motion to dismiss the plaintiff's amended complaint with prejudice. The complaint is one that sought damages for alleged improper destruction of a motel, hotel, therefore damages to real and personal property, both under an intentional count and a negligent count, as well as a claim for conversion. The demolition proceedings in this case, therefore, is related to a case that was in Jersey County 13-MR-33. In that case, there was a trial before the presiding judge in Jersey County, Judge Pistorius. There was an appeal filed of a decision in favor of the City of Grafton in that case. The defendant in that case was Merrick Realty, a corporation. An appeal was filed, but was dismissed by this court on an order really on its own motion, where Judge Appleton wrote an opinion that because the corporation no longer owned the hotel, owned the property, the case was moved. Justice Turner participated in that order. Now, the most significant factor here is this hotel. Let's start there. Do you disagree that it was moved? Your Honor, I agree that the court has authority to dismiss a case that's moved if the party pursuing the appeal has no interest. I didn't handle that first case, and there is discussion that perhaps should have petitioned to have Charles Bunow individually participate in the notice of appeal, because the record below in that 13-MR-33 is very confusing. So, I don't disagree with this court's order to dismiss when something's moved, but by doing that, this court basically, although it did not overrule the decision of Judge Pistorius, it basically said he was wrong because of what the record established. Well, weren't they just saying that this case involves a party who's no longer an interest? Judge Appleton said that? Yes, I think that he did. And by that time, Merritt was no longer a party?  However, between the time of that appellate court order and from the time that the case was resolved on November 19, 2013, a trial was held in Jersey County. Nothing changed. Well, so what? Well, the significant factor is Charles Bunow was there. He had received a deed the day before to the property. From himself? To himself. Well, he was president of the corporation, so from himself. I mean, Merritt Realty was him and one other person. It was, but it was an individual capacity to himself. But Judge Pistorius said, it's a sham, I'm not going to accept this deed. He proceeded in that case as if Charles Bunow individually wasn't a party, wasn't the owner. So the effect was, nothing changed from that date until this court, and I think correctly so, said, well, Charles Bunow is not a party before us and Merritt Realty doesn't own the property, this case is moot. Because, as Justice Appleton noted, there's a long string of cases saying if you don't have any interest, we're not going to issue a decision. Well, Merritt Realty didn't have any interest as the appellate. But you have to look behind that. By doing that, what this court said is, because nothing changed from November 19 to the time this court dismissed in 15, nothing changed. You have to go behind Judge Pistorius finding that it was a sham and he wouldn't let Bunow participate. He wouldn't take him in as a party. I thought he told him, you know, maybe you should be filing a motion to intervene, a motion to substitute parties, but he refused not to do that. Well, no, actually he didn't, and I don't mean to correct your honor, but what he told him was, you appeared without, you appeared on behalf of the corporation. If you would have filed a substitution, maybe I would have done something different. The point is... But he gave him the opportunity to obtain counsel. Well, he had done that before. Yes, yes, sir. He had done that before. He had given, I think, one continuance to get counsel. Yes, sir, he did. But that, the switching of Charles Bunow to the owner of the property didn't occur until right before the trial. So, but, and then after the trial, he did it, then obtained counsel, and that counsel started this case, I intervened, I substituted later. But the important point is, Justice, excuse me, Judge Pistorius ruled, if he says the deed's a sham, you're not the party, the party is still Merrick Realty, because that's what saying the deed's a sham is. Well, then, he, why would he then go on to say, but if you filed a petition for substitution, maybe I'd have done something different. Either the deed's a sham or the deed is not a sham. If it's not a sham, he needs for him to substitute in. But that's not what he said. You know, I think it's important that the court look at what he really said, not whether, hey, if you're now the owner, you should substitute in. An amazing thing, also, was that if you look, and cited in the appellate court opinion, was before they started the trial, and it's in the appellate court opinion, Judge Pistorius said, I'm granting to the city of Grafton, the plaintiff in that case, leave to amend by interlineation to join both people, both the corporation and the individual. City of Grafton didn't do that either. So the case went to trial with plaintiff, city of Grafton, the defendant, the realty company. Why? Because Judge Pistorius said, it's a sham. Now, I'm not trying to argue the incorrect decision in that case, because it was appealed and then appeal dismissed, and I think correctly so. But the effect of that was Charles Bunnell wasn't in that case. Now, you know, and it's clear that your honors understand the facts, so I don't need to go over them with you. With Charles Bunnell not being in that case, the defendants basically came with this motion to dismiss Charles Bunnell's case and said, hey, List Pendings gets him. Well, the doctrine of List Pendings is a doctrine that we don't dispute, but that's for a situation where someone, when they take title, has to be held accountable for what's already been filed related to the property. Charles Bunnell was there. He wanted to participate. The judge said, no. For instance, when the judge was taking evidence in that case. Are you saying that if Mr. Bunnell had obtained counsel and counsel had appeared on behalf of the corporation, they wouldn't have been allowed to participate? If counsel had been retained on behalf of the corporation, clearly he could have participated. Right, so the issue was that Mr. Bunnell was trying to represent the corporation personally. Well, he was trying to be there and participate. The judge was simply saying, no, I'm not going to let you represent the corporation as a per se litigant. I agree, but the thing about it is, this court's dismissal of the case as moot, when nothing changed from that day, basically says, Charles Bunnell individually was the party as of November 19, 2013, when the case went to trial. It doesn't say who was the party. It just says that Merritt isn't. Well, Your Honor, I recognize that. You are absolutely correct, and I thank you for that correction. It doesn't say that, but that's all it can mean. It can't mean that Charles Bunnell isn't the party. It simply means that Merritt is not. Anyone else in the world could be, but Merritt can't. That's all that says. Well, I, of course, beg to differ with you, Your Honor. The facts are, sure, it could mean somebody else in the whole world could be the party, but we have a record, and that record establishes that the deed that was used to justify Justice Appleton's decision by this court, dismissing it, is a deed to Charles Bunnell in his injurious capacity. It doesn't say he's not the party, but that's what it means, and then you get to, well, he participated. He did not participate. He was there. This was an open proceeding of the court, but the- Well, had he obtained counsel, he could have participated. Had he obtained counsel, he could have participated by Merritt, but Merritt wasn't really the party then, because Merritt had conveyed the property over, and the trial court noted that and said to the city of Alton, excuse me, city of Grafton, we give you leave to amend by internal alienation, name it in bold. They didn't do it. It was confusing. I grant you. But the thing is, Charles Bunnell was there when evidence was being presented to the trial court as to whether this hotel was a nuisance. That was the basis of this demolition proceeding. Charles Bunnell asked leave to submit an appraisal. Counsel, you're confusing me. What trial are you talking about? This is the first trial. You're still on the first trial. Well, because you have to understand where the first trial ended to determine whether, when you file the second case in Jersey County, the case I was retained on. I didn't file it. The case I was retained on. I'll get to that right now. When Charles Bunnell filed the second case, a motion to dismiss was filed. Right. It was filed. It didn't say so. As a matter of fact, the trial court, even though it granted the motion, said the defendant could have been a little better off saying what number under 619 you're proceeding. But the defendant says we're under A9, other affirmative matter. Well, all the documents that attach to it, and by the way, there was no affidavit on that motion, but skip the particulars. It wasn't an A9 motion. It was an A4 motion because all those documents talked about a prior proceeding. In fact, as the court used the terminology, there was this prior proceeding. So what? So what, whether it's 4 or 9? Well, the difference is that when you go under 4, you're at collateral estoppel or res judicata. And what you have to have is identity of the parties. How about if you go under 4 and use the lis pendens as the affirmative matter? Why doesn't that work? Well, you could say you went under paragraph 9 under lis pendens. 4 is more related to, and again, I'm not trying to – I think they're interrelated. I think they're interrelated. But when you go to a collateral estoppel or res judicata, a prior proceeding, you have to have identity of the parties. Has the defendant alleged collateral estoppel or res judicata? No. They didn't use the terms because they knew that they couldn't. Because to do that in cases we cited to your honors in our brief, you have to have identity of the parties. And there was no identity of the parties here because if you go look back at 13MR33 and read both a confusing record and then an opinion from the appellate court that was correct, but it does mean that the deed was not a sham because if the deed wasn't a sham, then this court should not have entered that order. So when you realize that, Charles Bunnell individually would have to have been the party in that proceeding and then look at the proceeding. Well, they make a big deal of the fact that he was there. They first make a big deal of the defendant that lis pendens. Well, yes, lis pendens could have somebody get caught by something. They don't even know anything's occurring. They don't even show up at a hearing. They just get stuck because they acquired the property. But in this case... And do all subsequent purchases. Right. I agree. But in this case, Charles Bunnell was there. He was wanting to participate. He wanted to produce evidence. And the trial court wouldn't let him do it. Now, that's the record. That's the ruling. It could be appealed. And it was appealed. But this court, under Justice Appleton's opinion, conferred to or concurred by Your Honor, Justice Turner, said there's no... This case is moot. Okay? That's correct. But the only way that it's moot is that the deed wasn't a sham. If this court said that deed was a sham, we're not counting it, the party in interest still remains merrick realty, then the appeal's not moot. Then the appeal needs to proceed to the merits. It didn't. And by making that dismissal, this court said Justice... Excuse me. Judge Pistorius, a very good judge, but I'm not going to promote him yet, was wrong in saying it was a sham. He should have let him participate. Mr. Peticchio, do you have any authority that says that addressing a motion such as the appellate court did in this case, finding that the matter is moot, somehow makes findings of fact and conclusions of law as to lower court proceedings that preceded the appeal? Your Honor, I do not. And I will tell you... Isn't that what you're doing, basically? You're saying you can't just take this as a motion that's granted because the party is no longer a party in interest, that this, by implication, creates certain findings of fact and conclusions of law by this court. Well, as a matter of fact, yes, I am saying that because, as a matter of fact, that opinion addressed those findings of fact. That opinion pointed out that the deed had been conveyed. It wasn't as if it was, well, for things we're not going to talk about. Well, it supported the basis for concluding that merit was no longer a part of interest. But when this court did that in November of, during the appeal, I don't have the exact date. I apologize. I can look it up. But the same practice existed when the trial court held the trial in November of 2013, two years later. Nothing had changed. Now, Your Honor, if I go to trial as the owner of the property and lose the case, and then while it's on appeal, I transfer the property to somebody else, I'm not the party in interest anymore. A dismissal of that would be relevant. That would be correct. It's moved. I'm not the party in interest. I can't present this appeal. But nothing changed in this case. And I'm saying, well, how do we know that? We know by reading the opinion. Justice Appleton referred back to the fact that the deed was granted the day before and recorded on the same day as the trial. And you can't take the fact that Charles Bunnell was present during that trial as, well, he got his day in court. He did not. He didn't get his day in court at all. No. Well, that's because you're arguing collateral estoppel and residue court, which, of course, the defendants have never raised. Because he can't win. But that's the only reason why, if you go against Charles. Well, why didn't he get his day in court? Because when he wanted to put on evidence to show on the factual issue of, is this hotel a nuisance subject to demolition? He was there with evidence. The court wouldn't let him put it in. And I cited, Your Honor, the cases, the situations in the record where that occurred. So he was never given his opportunity. He wasn't a party at that point. He wasn't a party. And because he wasn't a party. But Merrick was still the party. According to Judge Prestoius, Merrick was still the party because he said very directly, the deed's a sham. Nothing changed. This court said, well, nothing's changed. Merrick's not a party. He has no interest in this property. Okay. Well, then Charles Bunnell should be the party. Now that case is over. Now we bring a new case with Charles Bunnell. And the motion to dismiss wasn't an A-9 motion. It was an A-4 motion. When you get to that point, you realize that collateral estoppel or res judicata just don't work. They're going to have to now defend against Charles Bunnell. And that's who they should have been defending. And it's interesting, the trial court gave them that opportunity. They chose not to do it. Your opinion from this court, correct, has to be interpreted as to what it says, which is Charles Bunnell was the party in interest at the time of the trial, was denied his right to participate. And the motion is no collateral estoppel, no res judicata. The motion to dismiss should be denied. Now whether there's going to be a summary judgment or something else down the line later, I don't know. But the motion to dismiss should have been denied. Thank you, Your Honors. Thank you, Mr. Petitfio. Mr. Schrempf. My name is Jim Schrempf. I'm attorney for the city of Grafton. Next month will mark the eight-year anniversary of the litigation that ultimately culminates with us being here today. That's in June of 2010, or eight years ago, the complaint for demolition of what was alleged to be a dangerous and unsafe structure being a vacant, abandoned, oftentimes vandalized motel that had been long sitting empty in the city of Grafton began. The owner at that time was Merrick Realty. I'm impressed that the court has clearly evidenced that they are familiar with the facts, so I will move it along. That case, of course, resulted in a judgment, finding that indeed the property was a dangerous and unsafe structure beyond reasonable repair and authorized the city to complete the demolition, which the city did. By the way, well, I think the record will reflect that there was no attempt to post a bond and prevent that demolition. So the demolition proceeded even while the appeal was filed. The case now before the court, I'll call the second case, is based on the circumstances of that first case. Plaintiff alleges that that particular demolition was unlawful and that as a result of the unlawful demolition, plaintiff has suffered damages. The only factual allegation in plaintiff's complaint that tends to lead credence to that legal conclusion is that the demolition was unlawful due to the plaintiff's contention that defendant violated and failed to comply with Illinois Compound Statute 65 ILCS 5-11-31-1 by failing to give proper notice and adequate notice to plaintiff. As the court is well aware, prior to the time, well, back up, I'm sorry. As the case proceeded, Mr. Bonnell, as President of Merrick Realty, appeared before the court on several occasions trying to represent Merrick Realty in one fashion or another, filing an answer, ultimately filing a motion to dismiss. On each occasion, Judge Pistorius advised Mr. Bonnell he had no right to appear on behalf of a corporation since he's not an attorney. On several occasions, Judge Pistorius gave a continuance to Mr. Bonnell to attain an attorney and Judge Pistorius advised him to do so. He did not. Instead, he showed up on the trial date, which had been continued more than once, and presented a deed that he had recorded that morning saying, you can't proceed because now I'm the owner. As the court has pointed out, I believe in some of its questions, Judge Pistorius, and it's in the record at C-180, stated, I deem the transfer to be a transfer in an effort to avoid this case. And I believe he was meaning their trial. You didn't ask. You didn't ask to substitute parties. You asked to dismiss the cause of action. Had you asked to substitute parties, it may well have been permitted, but you did not. You have asked to have it dismissed because the property had been sold. I want to emphasize that at no point in time did Charles Bonnell ever petition the court or the appellate court to become a party in the action of the first case. Had he done so, as Judge Pistorius pointed out, he may have been allowed to do so. He probably would have been, in my opinion. All of the things that Mr. Bonnell complains about today, the fault for all of those things fall upon Mr. Bonnell. He had a right to defend on behalf of Merrick Realty had he retained an attorney and come in and fought that case. He was constructively aware of the litigation by the filing of the less pendants. He was actually aware of the litigation because he kept appearing in court in that litigation. Although Judge Pistorius advised him he would not allow him to participate as a non-attorney, non-party, he in fact did, as is reflected in the record of that case. Counsel has argued that he wanted to put on evidence as to why the Hotel Motel didn't need to be torn down. I can't think of the word right now. But he was denied that right. Is that right? That is correct because he was not a party and he did not ask to become a party. The judge on the 19th of November at the trial date did find that Merrick Realty was in default, but he nonetheless required approval of the issues, which the city, I was not the attorney in that case. It was Alan Knapp of my office. The city did present evidence. They had the zoning and building administrator there. They had photos. They presented the case in support of the demolition. And the judge entered the order. I have a question. Yes, sir. At that point in that trial, was it the position of Mr. Bunnell that he only was attempting to speak on behalf or to present evidence on behalf of himself individually? Was there any attempt to present evidence on behalf of the other entity? Again, I will agree with Mr. Berticchio on that particular point. It is not entirely clear what Mr. Bunnell was trying to do, but at no point did he make any statement of wanting to become a party. And I strongly disagree with Mr. Berticchio that the municipality would have been required to name and have Mr. Bunnell served. That would totally defeat the purpose of Les Pendant's doctrine. Mr. Bunnell, being aware of the case, he could choose to stay home and do nothing. He could choose to come and watch the case. And, indeed, he engaged in discussions during the presentation of the evidence. Judge Pistorius was very liberal about letting him ask some questions and so forth, but he did not let him present evidence. I think that is correct. We were proceeding at that point against the named defendant, Merrick Realty. There was no defendant named Bunnell and never was throughout the case and the appeal. So in the record, there's no indication as to who appears for trial that day, Mr. Bunnell individually, Mr. Bunnell on behalf of Merrick? That's not there. The record reflects that Merrick Realty was in default, having not filed an answer or appeared. And it was the only named party. I don't recall from the record Mr. Berticchio's statement that the judge afforded an opportunity to the city to name Mr. Bunnell as an additional defendant, but I would have agreed with Mr. Knapp's conclusion of, no, we don't want to do that. We don't need to do that. If Mr. Bunnell wants to become a party, he should come before this court and request to do so. Beyond that, we're into the doctrine of less pendants, and he is bound as a subsequent purchaser to the decision of the court in the first case. That decision being that the property can be demolished. It is a dangerous and unsafe structure beyond reasonable repair. The city is authorized to demolish it and place a lien against the real estate for the cost of the demolition, all of which I believe has happened. I'm not certain the lien was properly filed, but I hope it was. So he's bound by that. And again, if that's regrettable from his point of view, he has no one to blame but himself. It is not the duty of the plaintiff to seek out the subsequent purchasers. And again, as I said, have them served. First of all, find them and have them served. That's the whole doctrine of why less pendants says you are to be bound by that decision of that court pertaining to that real estate if you had actual or constructive notice of it before the decision was rendered. Having said that, would you agree then that this case actually hinges upon subsection 9 and 4? Subsection 9 being the affirmative matter, i.e. the less pendants. And the less pendants is significant because it relates back to subsection 4, which is a prior judgment. It seems like to me they're kind of hand in hand. It might be an interesting article for a law review to take up. I view it as less pendants is a simple doctrine that means you are bound by the decision of the court with regard to that real estate. Right, which is the prior work. I agree with Mr. Verticchio that the traditional discussion of collateral estoppel or res judicata hinges greatly on having an identity of parties. I don't know. Like I said, I think that would be an interesting law review article if someone wants to do an analysis. I have not done that to determine if that is in fact founded on res judicata or is it a variation of res judicata. To me it just seems like a clear principle of law related to less pendants. You're bound by that decision as to that property. Sorry I can't give you a better answer. It's an interesting question, but I think probably more suited to a law school than trying to get a house or a derelict building demolished and representing a city. I think we did it properly. I think it's been proper. Since his second case totally hinges on his allegation that the demolition was unlawful and since that demolition was pursuant to that court order, of which Mr. Bunnell had constructed an actual notice, he's bound by it. He cannot now go back and re-litigate whether that building needed to be demolished, whether the appropriate notice was sent to him. That's over. Had he wanted to intervene in the trial, or I think even in the appeal process, he might have been allowed to do so. The fact that he didn't try or he didn't consult with adequate legal advice to figure that out, again, that's his problem. Did he petition for leave to appeal to the Supreme Court regarding this court's prior 23 order? I don't believe so, Your Honor, but I say that hesitatingly. I did not in any way respond to anything to the Supreme Court. Had he filed a leave to appeal, I think I would have been receiving notice. I think I'd be aware of that, and I'm not aware that he did. Okay. Thank you, Mr. Chairman. That's our case. Thank you. Mr. Peticchio. When Counselor stood before him, he used these words, and I think I wrote them down exactly as they said. Based on circumstances of the first case, he, just like Judge Prestorius, danced around, and then Judge Meyer, is this a 9-1-1 case? Or 219-A-4? And I had the statute in my brief, and it says that the cause of action is barred by a prior judgment, which when you get into the law means collateral stop or erasure to COTA. But the identity of the parties isn't there, so it wouldn't work. They argued the case to Judge Meyer as a 4. They just said, well, call it 9 just because that's nebulous enough to get away with the fact. What fact? The important fact. Counsel says that he did not know or doesn't remember that they were given the right to, by interleavation, join Charles Bonnell. But as a matter of fact, this court knew it. In your decision, page 4, it says, the city of Grafton, this was the court speaking, will be permitted to amend by interleavation both the former and current owner. The court needs this transfer, a sham transfer, for the purpose of avoiding pursuit to the cause of action by the city of Grafton. They were given that right. They chose not to do that. That means Charles Bonnell is not a party to the first proceeding. That means the way they argued it to Judge Meyer, the way Judge Meyer ruled on it, the way they argued it to you today, they're under A4. It's a prior judgment. Counsel, why is that cut against the defense? Counsel, why is your client allowed to sit on his hands and sit through the proceedings and not attempt to become involved in litigation and then cry foul? Well, I don't think he did that, Your Honor, and he shouldn't be allowed to do that. But here's the thing. He was there. He tried to produce evidence. And amazingly enough, again, Your Honors, in your opinion back dismissing the appeal, when it said, again, the wording, I deem the transfer to be a transfer in effort to avoid this case. You didn't ask. You didn't ask to substitute parties. You asked to dismiss the cause of action. At that point, if he's asking to dismiss the cause of action, then the judges include him as a party. Had you asked to substitute parties, it may well have been permitted, but you did not. No way you did that. And I'll do respect for Judge Pastore. Either he's there, you're denying his motion to dismiss, and so you're going to tell him you've got to substitute parties. If he said you've got to leave, substitute parties. Why is he telling my client? We're talking about Trial 1. We're talking about Trial 1. This is a default. No, it wasn't. He was there. It wasn't. They found it as a default. It wasn't a default. They were there. He filed an answer individually and or? He did not file an answer individually. He was there filing a motion to dismiss, and that was denied, and that's when Judge Pastore said, it's a sham. If you'd asked to substitute, I may have done something different. The court may have done something different. That's not direction. That's not a court taking charge. What should the court have done? That's probably a good answer. Good question. What this court should have done was, first, it gave them leave to file their inner litigation. Either do it or don't. It didn't. And, Mr. Bunnell, you're clear of the party now because you own the property. We're not continuing the trial. We're not dismissing the trial. The trial goes. Start playing. He could represent himself or he could have put that appraisal on, and he could have gotten what our system of justice stands for, is you get your day in court. The issue that this property was in nuisance condition and should have been demolished, he didn't get his day on court on that factual issue. Isn't it a problem? I'm sorry. Isn't it a problem for the court that Mr. Bunnell, just moments before coming into court, was part of the entity structure and then upon filing the paperwork or the deed, whatever it is, is now acting individually? Doesn't the court have a problem, sort of a conflict as to what to consider Mr. Bunnell unless he does something affirmative to let the court know that he's entering an appearance or an answer either way? No, Your Honor. It wouldn't be a problem. All you simply do, you've got the deed, you're the party, okay, we're going to trial. You're saying a trial court should sui sponte, create jurisdiction over a party without the party even indicating they wish to be made a party to the litigation. Well, he actually did that. He filed a motion to dismiss, which the court saved the nine because it didn't have to be substituted. That's basically a non-document. It has nothing to do because he did not represent the merit at that time. I just want to make sure I understand. You're saying that the trial court should force a person to become a party without their request to do so. No, I'm not saying that. But if that is the party in interest, then that judgment is not going to be binding under an A-4 ruling that they tried to bring but didn't do it under any other circumstances. And I'm sorry my time's expired. Thank you, Mr. Peticcio. We appreciate it. Thank you, counsel. That will be taken under the president. The written order will follow.